UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MATEO GENIS CARRILLO, *et al.*,

                         Plaintiffs,

              -against-

DOHA NYC INC., *et al.*,

                         Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
24 CV 8393 (PKC) (PCG)

**CROSS-GOLDENBERG**, United States Magistrate Judge:

On December 6, 2024, plaintiffs Mateo Genis Carrillo, Luis Humberto Locon Morales, and Victor Ventura Locon Morales commenced this action against defendants Doha NYC Inc., Pa'Chango, Inc., Andrew Caceres, and Andria Jimenez, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the New York Labor Law §§ 190 *et seq.* ("NYLL"), seeking unpaid wages, overtime wages, spread-of-hours pay, liquidated damages, statutory civil damages, pre- and post-judgment interest, and attorney's fees and costs. (ECF No. 1 ("Compl.")).  Presently before this Court on referral from the Honorable Pamela K. Chen are plaintiffs' motion for default judgment (ECF No. 21) and defendants Jimenez's and Caceres's motion to vacate default (ECF No. 19).[1]

For the reasons set forth below, the Court respectfully recommends that the district court grant defendants' motion to set aside entry of default and deny plaintiffs' motion for default judgment without prejudice to renew if corporate defendants fail to retain counsel and remain in default.

---

[1] Defendants Doha NYC and Pa'Chango did not file motions to vacate default.  However, defendants Jimenez and Caceres are the owners of the corporate defendants and are proceeding *pro se*.  The Court therefore construes defendants' motion to vacate as a motion to vacate default against all defendants, including Doha NYC and Pa'Chango.

1

BACKGROUND

According to the Complaint, defendants Doha NYC and Pa'Chango acted as a single employer and joint enterprise in operating a business organized under the laws of New York with a principal executive office located at 38-34 31st Street, Long Island, City, NY 11101.  (Compl. ¶¶ 10, 13, 16-20).[2]  Plaintiffs allege that at all times relevant to this action, the business was engaged in interstate commerce, with employees engaged in commerce or in the production of goods for commerce, and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and that defendants have had an annual gross volume of sales exceeding $500,000.00.  (Id. ¶ 19).

Defendants Caceres and Jimenez are alleged to own and operate both Doha NYC and Pa'Chango.  (Id. ¶¶ 21, 22).  According to plaintiffs, the individual defendants are responsible for overseeing the daily operations of Doha and Pa'Chango, with authority over personnel and payroll decisions, and with the power to hire and fire employees, establish wages, set work schedules, and maintain employment records.  (Id. ¶¶ 23-26).

Plaintiff Mateo Genis Carillo alleges that from approximately June 2021 through at least December 2024, when the Complaint was filed, he worked for defendants as a food preparer, dishwasher, and cook.  (Id. ¶ 29).  He alleges that he regularly worked 18 hours per week over 2 days from June 2021 until September 2021; 51 hours per week over 5 days from October 2021 through August 2023; and 37 hours per week over 4 days from September 2023 until the Complaint was filed.  (Id. ¶¶ 30-32).  During this time, plaintiff alleges he was paid an hourly rate of $21.00 per hour but was not paid overtime wages for hours worked exceeding 40 per week.  (Id. ¶¶ 33, 34).  He also claims that he was not paid timely from March 2022 through the

---

[2] The Complaint contains two sets of paragraphs numbered 17-19.  The Court cites to paragraphs 17-19 on page 3 and paragraphs 17-19 on page 4.

filing of the Complaint. (Id. ¶ 35). Plaintiff also alleges he worked greater than 10 hours per day approximately two days per week from October 2021 through the filing of the Complaint, but defendants failed to pay spread-of-hours pay for those days. (Id. ¶ 36). He alleges that defendants also failed to provide wage notices or wage statements to plaintiff. (Id. ¶¶ 37-39).

Plaintiff Luis Humberto Locon Morales alleges that from approximately June 2020 through the date the Complaint was filed, he worked for the defendants as a food preparer, cleaner and bartender. (Id. ¶ 42, 43). He alleges that he regularly worked 56 hours per week over 6 days from June 2020 through December 2021; 52 hours per week over 5 days from January 2022 through April 2023; 48.5 hours per week over 5 days from May 2023 through April 2024; and 50.5 hours per week over 4 days from May 2024 through the date the Complaint was filed. (Id. ¶¶ 45-47). Throughout this period, plaintiff alleges he was paid a flat daily rate of $130.00 per day Tuesday through Sundays and $175 per day on Mondays. (Id. ¶ 48). During this time, plaintiff alleges he was not paid overtime for hours worked exceeding 40 per week. (Id. ¶ 49). He also claims he was not paid timely from June 2021 through December 2021. (Id. ¶ 50). Plaintiff alleges he was not fully compensated from April 2023 through March 2024, getting paid only $4,600, or from April 2024 through July 2024, receiving only 13 payments of $130. (Id. ¶¶ 52, 53). Plaintiffs also allege defendants failed to pay plaintiff Luis Morales spread-of-hours pay for the days he worked greater than 10 hours. (Id. ¶ 55). Plaintiff further alleges that defendants failed to provide wage notices or wage statements. (Id. ¶¶ 56-58).

Plaintiff Victor Ventura Locon Morales alleges that from approximately August 2022 through April 2024, he worked for the defendants as a busser and runner. (Id. ¶ 61, 62). He alleges that he regularly worked 34 hours per week over 3 days from August 2022 through July 2023 and 24 hours per week over 2 days from August 2023 through April 2024. (Id. ¶¶ 63-65).

Throughout this period, plaintiff alleges he was told he would be paid $80.00 per shift but was not actually paid this amount.  (Id. ¶ 66).  He alleges that he was not compensated at all for approximately 20 months of work, receiving one $4,000 payment intended to cover one month of work and two payments of $1,500.  (Id. ¶¶ 66-68).  Plaintiffs also allege defendants failed to pay plaintiff Victor Morales spread-of-hours pay for the days he worked greater than 10 hours.  (Id. ¶ 70).  Plaintiff further alleges that defendants failed to provide wage notices or wage statements.  (Id. ¶¶ 70-73).

Defendants Doha NYC, Pa'Chango, and Andrew Caceras were each served on December 13, 2024 via personal service by a process server on a waiter named "Edie Z" at the address 38-34 31st Street, Long Island City, New York, and all three were therefore required to answer or otherwise respond to the Complaint by January 3, 2025.  (ECF Nos. 9, 10, 11).  Defendants DOHA and Pa'Chango were served again on December 19, 2024 via the New York Secretary of State.  (ECF Nos. 12, 13).  Defendant Andria Jimenez was served on January 21, 2025 via process server who affixed the Summons and Complaint to the door at 101 Autumn Avenue, Apartment 1 FL, Brooklyn, New York, creating a corresponding answer deadline of February 11, 2025.  (ECF No. 14).  On March 3, 2025, after no answer had been filed by any defendant, plaintiffs requested an entry of default against all defendants.  (ECF No. 17).  On March 5, 2025, the Clerk of Court entered default against all defendants (ECF No. 19), and on May 2, 2025, plaintiffs filed a motion for default judgment.

On October 15, 2025, defendants Andria Jimenez and Andrew Caceres, proceeding *pro se*, filed a letter on the docket requesting that the Court "put a stop on this default case," provide a referral to the Court's Pro Se Assistance Program, and refer the case to the mediation.  (ECF No. 25).  According to the letter, one of the defendants' businesses, Pa'Chango Inc., had closed

4

and defendants faced financial hardship preventing them from affording counsel.  (Id.)  The district court construed the letter as a request to vacate default and referred the motion to the undersigned on October 21, 2025.  (Electronic Order, dated 10/21/2025).  Plaintiffs filed an opposition to the letter, arguing simply that defendants "failed to raise any substantive objections or oppositions to plaintiffs' Motion for Default Judgment."  (ECF No. 28).

The individual defendants filed a reply on December 18, 2025.  (ECF No. 31).  The defendants argue that the motion to vacate should be granted because the Complaint was improperly served.  Specifically, defendant Jimenez points out that the summons states service was made at "101 Autumn Ave, Apt. 1 Fl.," which is not her apartment.  (Id. at 1).  Defendant Caceres avers that the summons state service was made upon an "Eddie Z," who was an alleged co-worker of Caceres, but Caceres did not know anyone by that name.  (Id.)  He also stated that the summons was mailed to the Doha address but that he did not always receive mail sent there.  (Id. at 2), although he has not alleged that a different corporate address had been provided to the Secretary of State.  The individual defendants allege they did not therefore receive notice of this lawsuit until October 2025 when a former employee mentioned the lawsuit.  (Id.).

DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that the "court may set aside default for good cause."  The standard for vacating an entry of default is lower than that required for a defendant to successfully set aside a default judgment.  Rule 55(c) makes this distinction, stating that an entry of default can be set aside for "good cause," while a default judgment requires the more rigorous showing of "excusable neglect."  Tr. of Loc. 531 Pension Fund v. Am. Indus. Gases, Inc., 708 F. Supp. 2d 272, 274 n.1 (E.D.N.Y. 2010) (citing Kuklachev v. Gelfman, No. 08 CV 2214, 2009 WL 497576, at *2 n. 4 (E.D.N.Y. Feb. 26, 2009), aff'd, 361 Fed. App'x 161 (2d Cir. 2009)).

5

When deciding a motion to vacate entry of default, "the court's determination is guided by three principal factors: '(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice.'" Guthrie v. Rainbow Fencing Inc., 349 F.R.D. 55, 62 (E.D.N.Y. 2025) (quoting In re Orion HealthCorp, Inc., 95 F.4th 98, 104 (2d Cir. 2024)). This analysis is guided by the fact that "defaults are generally disfavored, so courts resolve doubts in favor of the defaulting party." Id. (quoting In re Orion HealthCorp, Inc., 95 F.4th at 104). If the Court finds these factors weigh more heavily in favor of vacating default, "the presumption in favor of resolution on the merits requires that the court vacate the default," even if one factor weighs against vacating. Tr. of Loc. 531 Pension Fund, 708 F. Supp. 2d at 274 (citing Grant v. City of N.Y., 145 F.R.D. 325, 327 (S.D.N.Y. 1992)).

The Court finds that good cause exists to support setting aside the entry of default. Defendants aver that service occurred at the incorrect address and upon an unknown individual and that they did not actually learn of this litigation until October 2025, when a former employee brought the matter to their attention. Defendants then filed their motion to vacate shortly thereafter. Thus, the Court finds that the default was not willful. Additionally, defendants demonstrate a meritorious defense—that plaintiffs may not have worked the hours alleged in the Complaint. (ECF No. 31 at 3). Finally, the Court finds that any prejudice vacating default may cause to plaintiffs is outweighed by the presumption of resolving the case on the merits. Therefore, the Court respectfully recommends that the district court grant defendants' motion to vacate entry of default and, consequently, deny plaintiffs' motion for default judgment without prejudice for leave to renew.

6

The two corporate defendants have not retained counsel.[3]  Corporate defendants may not proceed *pro se* and a failure to obtain counsel constitutes a failure to defend.  La Barbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) (citing Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam); Jones v. Niagara Frontier Transp. Auth., 722 F. 2d 20, 22 (2d Cir. 1983)).  Accordingly, the Court respectfully recommends that any Order adopting this Report and Recommendation include an Order for corporate defendants to retain counsel and file any related notices of appearance within 30 days or file a status report with the Court explaining the delay.  The Court further recommends that plaintiff be granted leave to renew its motion for default judgment against corporate defendants should they fail to retain counsel.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.  Because defendant Caceres has not yet consented to receive electronic notifications of docket entries, a copy of this Report and Recommendation will be mailed to him.  Because the individual

---

[3] Defendants claim that one corporate defendant, Pa'Chango, Inc., is now permanently closed and has no assets or revenue.  (ECF No. 25).  A dissolved corporation remains responsible for its liabilities, including contractual obligations, until its "affairs are fully adjusted."  Flute v. Rubel, 682 F.Supp. 184, 187 (S.D.N.Y. 1988) (citing New York Business Corporation Law 1006(b); Rogers v. Logan, 121 A.D.2d 250, 503 N.Y.S. 36, 39 (1st Dep't 1986)).  Moreover, where suing a corporation proves impossible or futile, a party may maintain suit against the directors or shareholders.  Id.

defendants are the corporate owners, the Court will also mail copies of this Report and

Recommendation to the corporate defendants at the individual defendants' address.

      **SO ORDERED.**

Dated:  Brooklyn, New York
        February 6, 2025                 /s/ Peggy Cross-Goldenberg

                                         Peggy Cross-Goldenberg
                                         United States Magistrate Judge
                                         Eastern District of New York