UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MATEO GENIS CARRILLO, *et al.*,

                  Plaintiffs,

    - against -

DOHA NYC INC., *et al.*,

                  Defendants.

--------------------------------------------------------x

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**
24-CV-8393 (PKC) (PCG)

PAMELA K. CHEN, United States District Judge:

Plaintiffs Mateo Genis Carrillo, Luis Humberto Locon Morales, and Victor Ventura Locon Morales, individually and on behalf of all others similarly situated, brought this action against Defendants Doha NYC Inc., Pa Chango, Inc., Andrew Caceres, and Andria Jimenez, alleging violations of the Fair Labor Standards Act and the New York Labor Law. (Compl., Dkt. 1.) After Defendants failed to answer Plaintiffs' Complaint, Plaintiffs requested a certificate of default, (Req. Certificate of Default, Dkt. 17). On March 5, 2025, the Clerk of Court entered default against Defendants. (Clerk's Entry of Default, Dkt. 19.)

On May 2, 2025, Plaintiffs moved for default judgment. (Pls.' Mot. Default J., Dkt. 21.) The Court referred the motion to the Honorable Cheryl L. Pollak, Magistrate Judge. (05/06/2025 Dkt. Order Referring Motion); 28 U.S.C. § 636(b)(1)(A) (authorizing a district judge to refer certain pretrial matters to a magistrate judge). On October 15, 2025, Defendants Caceres and Jimenez filed a letter with the Court, informing the Court of their financial difficulties and requesting that the default in this case be stopped. (Dkt. 25.) The Court construed the letter as a motion to vacate the default, and referred that motion to Judge Pollak. (10/21/2025 Dkt. Order Referring Motion.) On February 6, 2026, the Honorable Peggy Cross-Goldenberg, Magistrate

Judge,[1] issued a Report and Recommendation (the "R&R"), recommending that the motion to vacate default be granted and that the default judgment motion be denied. (R&R, Dkt. 32.) No objections have been filed, and the time for doing so has passed.

"When no timely objection is filed" to a magistrate judge's R&R, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order); *see also Thomas v. Arn*, 474 U.S. 140, 153 (1985) ("Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by Article III of the Constitution."). The Court has reviewed Judge Cross-Goldenberg's R&R and adopts it in part. Specifically, the Court declines to grant the motion to vacate as to *all* Defendants in this action and only vacates the default of Defendants Caceres and Jimenez.

In reviewing Defendants Caceres and Jimenez's motion to vacate default, Judge Cross-Goldenberg "construe[d] [their] motion to vacate as a motion to vacate default against all defendants, including [corporate Defendants] Doha NYC and Pa'Chango," because "Jimenez and Caceres are the owners of the corporate defendants and are proceeding *pro se*." (R&R, Dkt. 32, at 1 n.1.) Based on this construction, the R&R recommended vacating the default of all Defendants, and, because the corporate Defendants "ha[d] not retained counsel," recommended "an Order for corporate defendants to retain counsel and file any related notices of appearance within 30 days or file a status report with the Court explaining the delay." (*See id.* at 1, 7.)

---

[1] This case was reassigned to Magistrate Judge Cross-Goldenberg on January 15, 2026.

Corporations cannot proceed in federal court unless represented by counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993). Accordingly, individual defendants may not seek to vacate a default on behalf of an unrepresented corporate defendant. *See Rios v. Dar Yemma Corp.,* No. 23-CV-8036 (PKC) (CLP), 2025 WL 2591518, at *2 n.4 (E.D.N.Y. Sep. 8, 2025), *Poplawski v. Metroplex on the Atlantics, LLC*, No. 11-CV-3765 (JBW) (RER), 2013 WL 12438839, at *3 (E.D.N.Y. Apr. 3, 2013), *report and recommendation approved sub nom. Poplawski v. Metroplex on the Atlantics LLC.*, 2013 WL 12438843 (E.D.N.Y. Apr. 26, 2013); *see also Barrie v. United States*, No. 16-CV-1769 (ENV) (LB), 2016 WL 2659549, at *1 (E.D.N.Y. May 9, 2016) ("It is well-settled that a *pro se* individual may not appear on behalf of a corporation.") Thus, the motion to vacate the default, filed by individual Defendants Caceres and Jimenez, cannot be construed as being made on behalf of Defendants Doha NYC Inc. and Pa Chango, since those corporate entities must be represented by counsel. *See BBC Enters. Ltd. v. Gold Coast Tape Distrib., Inc.*, No. 88-CV-7786 (CSH), 1992 WL 276562, at *4 (S.D.N.Y. Sep. 29, 1992) ("As corporations cannot be represented *pro se*, the corporate defendants will not have their defaults vacated until they obtain counsel."); *Rios*, 2025 WL 2591518, at *2 n.4 ("[A]ny motion to vacate the default entered against [the corporate defendant] can only be made once the corporation obtains representation . . . .").

## CONCLUSION

For the reasons set forth in the Report and Recommendation and this Order, the Court grants Defendant Caceres and Jimenez's motion to vacate default as to them, and denies Plaintiffs' motion for default judgment without prejudice to renew as to the defaulting corporate Defendants Doha NYC Inc. and Pa Chango.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 3, 2026
Brooklyn, New York